IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| THOMAS EARL BOONE, JR., | § | |
| TDCJ #283484, | § | |
|     Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-07-2431 |
| | § | |
| NATHANIEL QUARTERMAN, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
|     Respondent. | § | |

## MEMORANDUM AND ORDER

Petitioner Thomas Earl Boone, Jr. (TDCJ #283484), also known as Tommy Earl Boone, Jr., is an inmate incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division (collectively, "TDCJ"). Boone has filed a petition for a federal writ of habeas corpus under 28 U.S.C. § 2254, seeking relief from a state court conviction. Boone appears *pro se* and, to date, he has not paid the filing fee. After reviewing the pleadings as required by Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court concludes that this case must be **dismissed** for reasons set forth below.

I.  **BACKGROUND**

In August of 1978, a jury in the 176th District Court of Harris County, Texas, found Boone guilty of burglary of a habitation in cause number 278834. After finding that Boone had at least one prior felony conviction, the jury sentenced him to serve 60 years in prison.

A state court of appeals affirmed the conviction in 1981. *See Boone v. State*, 629 S.W.2d 786 (Tex. App. —Houston [14th Dist.] 1981, no pet.).

Boone now seeks a federal writ of habeas corpus to challenge his conviction in cause number 278834. Boone's conviction became final in 1981. His pending federal habeas corpus petition is dated July 23, 2007.[1] Thus, his pending petition appears barred by the governing one-year statute of limitations. *See* 28 U.S.C. § 2244(d)(1)(A).

More importantly, as Boone concedes, this is not the first federal habeas corpus petition that he has filed to challenge his conviction in cause number 278834. His most recent attempt at federal habeas corpus review was dismissed as barred by the governing statute of limitations and as an unauthorized successive petition. *See Boone v. Dretke*, H-04-0379 (S.D. Tex. March 23, 2005). Prior to this petition, Boone filed at least six other unsuccessful federal habeas corpus petitions to challenge this same conviction. *See* Civil Action Nos. H-96-3776; H-93-777; H-88-4354; H-88-4268; H-83-2837, H-82-559. Thus, Boone's pending petition is subject to dismissal for the same reason, as discussed briefly below.

---

[1] The Clerk's Office received the petition on July 25, 2007, and filed it the same day. Under the mail-box rule, courts treat the date a *pro se* prisoner deposits a federal habeas corpus petition in the mail as the filing date. *See Fisher v. Johnson*, 174 F.3d 710, 712 n.8 (5th Cir. 1999) (citing *Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998) (per curiam)), *cert. denied*, 531 U.S. 1164 (2001). Because the undated pleadings are post-marked July 23, 2007, they are deemed filed on that date.

**II.    DISCUSSION**

This case is governed by the Anti-Terrorism and Effective Death Penalty Act (the "AEDPA"), codified as amended at 28 U.S.C. § 2244(b), which was enacted to make it "significantly harder for prisoners filing second or successive federal habeas applications under 28 U.S.C. § 2254 to obtain hearings on the merits of their claims." *Graham v. Johnson*, 168 F.3d 762, 772 (5th Cir. 1999), *cert. denied*, 529 U.S. 1097 (2000). In that respect, before a second or successive application permitted by this section is filed in the district court, the applicant must move in the appropriate court of appeals for an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3)(A). If the pending petition qualifies as a successive writ, this Court has no jurisdiction to consider it absent prior authorization from the Fifth Circuit.

The Fifth Circuit has recognized that "a prisoner's application is not second or successive simply because it follows an earlier federal petition." *In re Cain*, 137 F.3d at 235. Rather, a subsequent application is "second or successive" when it: (1) "raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition"; or (2) "otherwise constitutes an abuse of the writ." *Id.*; *see also United States v. Orozco-Ramirez*, 211 F.3d 862, 867 (5th Cir. 2000). The claims referenced in the pending petition appear to have been presented previously in one or more of Boone's earlier

3

habeas corpus proceedings in this district. Thus, the pending petition meets the second-or-successive criteria. Moreover, Boone's repetitive filing qualifies as an abuse of the writ.[2]

The issue of whether a habeas corpus petition is successive may be raised by the district court *sua sponte*. *See Rodriguez v. Johnson,* 104 F.3d 694, 697 (5th Cir. 1997). Because the pending petition is successive, the petitioner is required to seek authorization from the Fifth Circuit before this Court can consider his application. *See* 28 U.S.C. § 2244(b)(3)(A). "Indeed, the purpose of [28 U.S.C. § 2244(b)] was to eliminate the need for the district courts to repeatedly consider challenges to the same conviction unless an appellate panel first found that those challenges had some merit." *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000) (citing *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998)). The petitioner has not presented the requisite authorization. Absent such authorization, this Court lacks jurisdiction over the petition. *Id.* at 775. Accordingly, the petition must be dismissed as an unauthorized successive writ.

---

[2] Boone has not paid the filing fee in this case or requested leave to proceed *in forma pauperis*. The Court notes that Boone is barred from proceeding as a pauper in the Fifth Circuit, under 28 U.S.C. § 1915(g), as a result of his litigation history of filing frivolous or malicious complaints. Boone's record reflects at least five strikes for filing frivolous suits while incarcerated: *Boone v. Collins*, Civil Action No. 4:93cv2101 (S.D. Tex. April 8, 1994); *Boone v. Garrett*, Civil Action No. 1:00cv728 (E.D. Tex. Dec. 1, 2000); *Boone v. Garrett*, Appeal No. 01-40015 (5th Cir. Aug. 23, 2001); *Boone v. Anderson County, Tex.*, Civil Action No. 6:99cv372 (E.D. Tex. Sept. 13, 1999); *Boone v. Anderson County, Tex.*, Appeal No. 99-41115 (5th Cir. Sept. 20, 2001); *Boone v. Cockrell, et al.*, Appeal No. 99-40848 (5th Cir. Dec. 12, 2001) (dismissing the appeal and barring Boone from proceeding *in forma pauperis* in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury); *see also Boone v. Garrett, et al.*, Civil Action No. 4:04cv4458 (S.D. Tex. Dec. 27, 2004) (dismissing the complaint as barred by the three-strikes rule found in § 1915(g)).

**III.    CERTIFICATE OF APPEALABILITY**

Because the habeas corpus petition filed in this case is governed by the AEDPA, a certificate of appealability is required before an appeal may proceed.  *See* 28 U.S.C. § 2253; *See Hallmark v. Johnson*, 118 F.3d 1073, 1076 (5th Cir.) (noting that actions filed under either 28 U.S.C. § 2254 or § 2255 require a certificate of appealability), *cert. denied sub nom. Monroe v. Johnson*, 522 U.S. 1003 (1997).  "This is a jurisdictional prerequisite because the COA statute mandates that '[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals . . . .'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (citing 28 U.S.C. § 2253(c)(1)).

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument.  *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). The Court concludes that jurists of reason would not debate whether the procedural ruling in this case was correct or whether the petitioner has stated a valid claim.  Accordingly, to the extent that one is needed, a certificate of appealability will not issue in this case.

**IV.    CONCLUSION**

Because the pending federal habeas corpus petition is successive and lacking in authorization, the Court **ORDERS** as follows:

1. This federal habeas corpus proceeding is **DISMISSED** without prejudice for lack of jurisdiction.

2. A certificate of appealability is **DENIED**.

The Clerk shall send a copy of this order to the petitioner.

SIGNED at Houston, Texas, on July 27th 2007.

*[signature: Nancy F. Atlas]*

Nancy F. Atlas
United States District Judge